```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 7
WESLEY A. PICKENS and           )
BROOKE R. PICKENS,              )
                                )    Bankruptcy No. 06-01120
     Debtors.                   )
------------------------------  )
SHERYL SCHNITTJER, Trustee      )
                                )    Adversary No. 06-9166
     Plaintiff,                 )
                                )
vs.                             )
                                )
DENNIS PICKENS and              )
DEBBIE PICKENS,                 )
                                )
     Defendants.                )
```

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
(RE: 11 U.S.C. § 547(c)(9)) (DOC. 10)**

This matter came before the undersigned on May 3, 2007 for telephonic hearing. Attorney Abbe Stensland appeared for Plaintiff/Trustee Sheryl Schnittjer. Attorney John Titler appeared for Defendants Dennis and Debbie Pickens. After hearing arguments of counsel, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**STATEMENT OF THE CASE**

Trustee seeks summary judgment striking Defendants' affirmative defense under 11 U.S.C. § 547(c)(9). She asserts each Defendant received transfers valued at more than $5,000. Defendants resist. They assert the transfers were for less than $5,000. In the alternative, Defendants argue issues of fact preclude summary judgment.

**STATEMENT OF FACTS**

Many of the relevant facts are undisputed. Defendants are the parents of Debtor Wesley Pickens. Debtors filed their Chapter 7 petition on September 21, 2006. During the one-year period prior to the petition date, Debtors paid Defendant Dennis

Pickens $3,005.  During the same one-year period, Debtors paid Defendant Debbie Pickens $5,351.  Debtors made these payments by check or cash.

Debtors list Defendants as secured creditors on Schedule D, with liens on inventory and business equipment related to Debtors' business, "Candle Scents."  On September 21, 2006, approximately one hour before Debtors filed their Chapter 7 petition, Defendants filed a UCC Financing Statement with the Iowa Secretary of State.  This purports to grant Defendants a lien on "all inventory, equipment and assets of Candle Scents."[1]  On Schedule D, Debtors value the business equipment at $1,590.00.  They value the inventory at $7,225.33, noting this is "cost value, fair market value is believed to be 10% or less."

The parties have stipulated that Trustee has satisfied her burden of proof on all § 547(b) elements.  Thus, the Court entered a consent order granting Trustee summary judgment on her case in chief.  The remaining issues for trial are the defenses asserted by Defendants.  The Court also notes that Trustee, Debtors and Defendants have entered into a compromise in the bankruptcy case which removes Defendants' liens from the business inventory and equipment.  Pursuant to that compromise, Trustee released any interest in the business equipment to Debtors and Defendants.  They, in turn, released any claim to the inventory.  Trustee has now sold the inventory for $2,000.

Defendants assert defenses under §§ 547(c)(1) (contemporaneous exchange for new value), (c)(2) (ordinary course of business), (c)(4) (subsequent new value), and (c)(9).  Trustee's Motion for Partial Summary Judgment argues that Defendants' § 547(c)(9) defense should be stricken because transfers to Defendants in the aggregate total more than $5,000.  Defendants assert that (1) Trustee may not aggregate payments made to one Defendant with payments made to the other Defendant, (2) new value under § 547(c)(2) given by Defendant Debbie Pickens should be subtracted from payments Debtors made to her, reducing the total to less than $5,000 and (3) Trustee may not aggregate the value of the security interest with the aggregate value of the payments made to each Defendant.  Trustee argues Defendants may not stack their defenses in order to reduce the value of the transfers to less than $5,000.  She asserts the total value of the preferences includes the value of Defendants' security interests in the inventory and equipment.

---

[1]As noted by Trustee, the UCC statement incorrectly identifies Defendants as both "Debtors" and "Secured Parties."

2

## CONCLUSIONS OF LAW

A motion for summary judgment may only be granted when there are no material facts in controversy, and the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party. In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001). The moving party has the burden of showing that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Section 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days (or one year for insiders) prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor had asserted its claim in a Chapter 7 liquidation. In re Interior Wood Prods. Co., 986 F.2d 228, 230 (8th Cir. 1993). The parties have stipulated that Trustee has met her burden of proof on all these elements.

Defendants assert several defenses from § 547(c), which states, in pertinent part:

> (c) The trustee may not avoid under this section a transfer--
>
> (1) to the extent that such transfer was--
>
> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>
> (B) in fact a substantially contemporaneous exchange;
>
> (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was--

3

>               (A) made in the ordinary course of business
> or financial affairs of the debtor and the transferee;
> or
>
>               (B) made according to ordinary business
> terms;
>
> . . .
>
>      (4) to or for the benefit of a creditor, to the
> extent that, after such transfer, such creditor gave
> new value to or for the benefit of the debtor--
>
>               (A) not secured by an otherwise unavoidable
> security interest; and
>
>               (B) on account of which new value the debtor
> did not make an otherwise unavoidable transfer to or
> for the benefit of such creditor;
>
> . . .
>
>      (9) if, in a case filed by a debtor whose debts
> are not primarily consumer debts, the aggregate value
> of all property that constitutes or is affected by such
> transfer is less than $5,000.

11 U.S.C. § 547(c).

   Section 547(c)(9) was added to the Bankruptcy Code by the Bankruptcy Act of 2005 ("BAPCPA"). It is similar to § 547(c)(8) which states that a trustee may not avoid a preferential transfer "if, in a case filed by an individual whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600." 11 U.S.C. § 547(c)(8). Thus, in consumer cases, small preferences of less than $600 are exempt from avoidance; in non-consumer cases, small preferences of less than $5,000 are exempt from avoidance.

   Defendants argue that § 547(c)(1), (2) or (4) can apply to reduce the amount of any transfer to Defendants such that the total is below the $5,000 limit of § 547(c)(9). Trustee urges that Defendants cannot stack their defenses in order to bring the $5,000 small preference defense into play. She notes that the statute places the $5,000 limit on the amount of the transfer, not on the amount of recovery in a preference action. The Court agrees with Trustee's stance. The statute directs the Court to

4

look at the value of the original transfer, not the amount of the transfer that remains outstanding at a later date. See Harr v. Paradigm Management Co., 1997 WL 441268, at *2 (Bankr. D. Md. 1997). Defendants may not use other defenses under § 547(c) to bring the value of the transfers below the $5,000 limit of § 547(c)(9).

Defendants each received regular payments from Debtors in the one-year period prior to the petition filing date. They argue Trustee may not aggregate the transfers to each of them in order to bring the total transfer to an amount higher than $5,000. Section 547(b)(1) states the trustee may avoid a preferential transfer "to or for the benefit of a creditor." The Court agrees with Defendants on this issue. They should be treated as separate creditors under § 547(b)(1). Although their names appear together on the U.C.C. financing statement, they received separate payments from Debtors prior to the petition date. Each of the Defendants must be separately treated as "a creditor" under § 547(b)(1) in these circumstances. See In re Irvine, 95 B.R. 464, 465 (Bankr. W.D. Ky. 1988) (denying recovery of $680 under § 547(c)(8) where each of three garnishing creditors received less than $600.00). Trustee may not aggregate the payments made to these two Defendants in order to circumvent their § 547(c)(9) defense.

Two additional issues remain regarding aggregation. First, Trustee seeks to aggregate all the payments made to each of the Defendants in the one-year prior to the petition date to exceed the $5,000 limit of § 547(c)(9). This issue has arisen under § 547(c)(8) regarding the $600 limit in consumer cases. A majority of courts have held that all payments to any one creditor within the preference period should be aggregated, and that they may be avoided if the total is $600 or more. See In re Hailes, 77 F.3d 873, 874 (5th Cir. 1996); In re Djerf, 188 B.R. 586, 589 (Bankr. D. Minn. 1995); Preferences and Fraudulent Transfers, 895 PLI/Comm. 713, 827 (2007).

The parties agree that the total payments to Defendant Debbie Pickens during the one-year preference period are $5,351. This exceeds the $5,000 limit of § 547(c)(9). The same cannot be said of Defendant Dennis Pickens, who the parties agree received $3,005 from Debtors during the preference period.

The remaining issue is whether the value of the security interest should be added to the value of the payments to these two creditors in determining whether the amount of the transfer is less than $5,000 under § 547(c)(9). For the purposes of this ruling, the Court will assume, without deciding, that the

5

inventory and business equipment subject to the U.C.C. financing statement have values of $2,000 and $1,590, respectively.  The inventory was sold to a third party for $2,000 and Debtors valued the business equipment at $1,590 on Schedule B.  Trustee argues that the values of both the payments to the Defendants and the security interest should be aggregated to determine whether the $5,000 limit of § 547(c)(9) is surpassed.  Defendants argue that these are separate transfers and their values cannot be aggregated under § 547(c)(9).

The Court is not aware of any case law considering this issue.  Cases arising under the consumer small preference exception are not helpful as they, almost without exception, consider multiple small payments to a single creditor on a single debt, with the majority of the cases considering wage garnishment.  In this case, Trustee attempts to aggregate two different types of transfers, payments and a security interest, in order to bar Defendants from asserting the non-consumer small preference exception.

Two commentators have touched on the issues arising in this scenario.  One states that "it is appropriate to treat the transfers as one transaction if they are, in fact, conducted pursuant to a single, common plan," citing cases such as Hailes and Djerf arising under § 547(c)(8).  3 Norton Bankruptcy Law and Practice 2d, § 57:29 (2007).  Another author notes that "aggregation within a transfer – whatever those bounds may be – is different from aggregation across transfers."  Andrea Coles-Bjerre, Bankruptcy Theory and the Acceptance of Ambiguity, 80 Am. Bankr. L. J. 327, 355 n.85 (2006).

In another area of preference law, the court in In re Miller, 123 B.R. 46, 47 (Bankr. C.D. Ill. 1991), took a transactional approach in determining whether a bank was oversecured and thus did not receive a preference.  The court noted that the bank held separate claims – with two loans from separate transactions two years apart, involving separate notes and mortgages and separate terms and conditions.  Id. at 47-48.  Further, under non-bankruptcy law, each mortgage would have been treated as a separate obligation and would have had to be enforced through separate legal proceedings.  Id. at 48.  "Being separate obligations, they are entitled to separate treatment under the Code."  Id.

This rationale was followed in In re Furley's Transport, Inc., 272 B.R. 161, 174 (Bankr. D. Md. 2001), which concluded a creditor had one undersecured claim as all financed vehicles stood as collateral for all of the debtor's debts.  The court

allowed the trustee to avoid monetary transfers to the creditor, concluding that, as it was undersecured, it received more from the debtor's prepetition transfers than it would have received in a hypothetical Chapter 7 liquidation. Id. at 175. In contrast, in Miller, the court accepted the bank's argument that it was oversecured on a first mortgage, making payments on that debt not preferential. 123 B.R. at 47. The bank further argued that a $100 payment on a second mortgage was protected by the § 547(c) exception for transfers of less than $600. Id.

## CONCLUSIONS

In summary, the value of the transfer under § 547(c)(9) is determined as of the time of the transfer, without deductions for other possible defenses under § 547(c). Trustee cannot aggregate the total transfers of both Defendants in this action to reach the $5,000 limit. Since the parties agree that Defendant Debbie Pickens received more than $5,000 in payments during the preference period, she is barred from asserting § 547(c)(9) as an affirmative defense as to those payments.

Based on all the foregoing, this Court concludes that utilization of a transactional approach is the most appropriate moethod to determine whether transfers should be aggregated under § 547(c)(9). If the purported transfer of a security interest to Defendants is transactionally related to the payments they received during the preference period, the value of these two types of transfers could be aggregated to determine whether the $5,000 limit is exceeded. This conclusion raises issues of fact, making summary judgment inappropriate at this time. The record must be further developed to determine the actual value of the security interest and the apportionment of that value between the two Defendants.

**WHEREFORE**, Trustee's Motion for Partial Summary Judgment (Re: 11 U.S.C. § 547(c)(9) is DENIED.

**FURTHER**, issues of fact preclude summary judgment at this time.

DATED AND ENTERED: June 4, 2007

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE