```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                           )
                                 )    Chapter 7
WESLEY A. PICKENS and            )
BROOKE R. PICKENS,               )
                                 )    Bankruptcy No. 06-01120
     Debtors.                    )
-------------------------------- )
SHERYL SCHNITTJER, Trustee       )
                                 )    Adversary No. 06-9166
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
DENNIS PICKENS and               )
DEBBIE PICKENS,                  )
                                 )
     Defendants.                 )
```

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
(RE: 11 U.S.C. § 547(c)(2)) (DOC. 36)**

This matter came before the undersigned on June 28, 2007 for telephonic hearing.  Attorney Abbe Stensland appeared for Plaintiff/Trustee Sheryl Schnittjer.  Attorney John Titler appeared for Defendants Dennis and Debbie Pickens.  After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**STATEMENT OF THE CASE**

Trustee seeks summary judgment striking Defendants' affirmative defense under 11 U.S.C. § 547(c)(2).  She argues this ordinary course of business exception to avoidance of preferences is not available to Defendants who loaned Debtors money on only one occasion.  Defendants argue issues of fact exist regarding whether the debt was incurred in the financial affairs of both Debtors and the Defendants.

**STATEMENT OF FACTS**

The parties previously stipulated that Trustee has satisfied her burden of proof on all elements of § 547(b).  Thus, the Court entered a consent order granting Trustee summary judgment on her case in chief.  The remaining issues for trial are the defenses asserted by Defendants under §§ 547(c)(1) (contemporaneous

exchange for new value), (c)(2) (ordinary course of business or financial affairs), (c)(4) (subsequent new value), and (c)(9) (small preference exception).  On June 2, 2007, the Court denied Trustee's Motion for Partial Summary Judgment on the small preference defense of § 547(c)(9).  A trial-setting conference is currently set for August 27, 2007.

## CONCLUSIONS OF LAW

Summary judgment "is one of the primary weapons in the Federal Rules of Civil Procedure arsenal, all of which are to 'be construed to secure the just, speedy, and inexpensive determination of every action.'" Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993), quoting Fed. R. Civ. P. 1.  The purpose of a partial summary judgment motion is to speed up litigation. In re G-I Holdings Inc., 2007 WL 1412294, *3 (D.N.J. 2007).  "Where, however, the adjudication of such a motion would not serve this purpose, the Court may exercise its inherent discretion and deny such a motion." Id.  In its discretion in shaping a case for trial, the Court may deny partial summary judgment for the purpose of achieving a more orderly or expeditious handling of the entire litigation. Powell v. Radkins, 506 F.2d 763, 765 (5th Cir. 1975).

The Court, in its discretion, believes that another ruling on partial summary judgment would not speed up this proceeding.  The Court has granted Trustee partial summary judgment, with consent of Defendants, ordering that Trustee has satisfied her burden of proof on all § 547(b) elements.  The Court next denied Trustee's motion for partial summary judgment on Defendants' affirmative defense under § 547(c)(9).  This matter is now ready for trial on all Defendants' defenses.  It is unlikely further piecemeal rulings on these defenses will save time or resources.

**WHEREFORE,** Trustee's Motion for Partial Summary Judgment (Re:  11 U.S.C. § 547(c)(2)) (Doc. 36) is DENIED.

DATED AND ENTERED:

August 8, 2007

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

2