UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                              )
                                    )    Chapter 7
WESLEY A. PICKENS and               )
BROOKE R. PICKENS,                  )
                                    )    Bankruptcy No. 06-01120
     Debtors.                       )
----------------------------        )
SHERYL SCHNITTJER, Trustee          )
                                    )    Adversary No. 06-9166
     Plaintiff,                     )
                                    )
vs.                                 )
                                    )
DENNIS PICKENS and                  )
DEBBIE PICKENS,                     )
                                    )
     Defendants.                    )
```

**ORDER RE: MOTION TO ALTER OR AMEND JUDGMENT**

This matter came before the undersigned on January 29, 2008. Attorney Abbe Stensland appeared for Plaintiff/Trustee Sheryl Schnittjer. Attorney John Titler appeared for Defendant Debbie Pickens. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**STATEMENT OF THE CASE**

On January 3, 2008, the Court entered its ruling in this case, granting Trustee a judgment in the amount of $6,351 against Debbie Pickens. Defendant Debbie Pickens requests reconsideration of this ruling, presenting three issues for the Court's consideration. As to Ms. Pickens' third issue, the Court will not reconsider its previous decisions regarding stacking defenses to come within of the $5,000 small preference limit of § 547(c)(9). Ms. Pickens' second issue is resolved by the parties. As set out in Trustee's Resistance and discussed at the hearing, $1,000 of the judgment, which is the portion based on the value of an inventory lien, is already satisfied pursuant to the parties' prior compromise.

1

The remaining issue is whether the judgment should be reduced by the amount of new value Ms. Pickens allegedly granted to Debtors prior to January 10, 2006.  Ms. Pickens asserts that, after deducting for new value given prior to January 10, 2006 in the amount of $1,925, the maximum net preference amount to which Trustee is entitled is $3,426.  She asserts that Debtors paid Ms. Pickens $1,925 during the preference period prior to January 10, 2006 and Debtors made additional charges on Ms. Pickens' credit cards exceeding that amount during the same period.  Trustee does not appear to dispute these basic facts.

Trustee argues that Defendants had not previously identified the § 547(c)(4) defense as being an issue in the case and should not be allowed to raise it based on a lone argument in their post-trial brief.  However, as argued by Counsel for Defendants during the hearing, Defendants raised the subsequent new value defense in answers to interrogatories.  They also asserted the defense in their response to Trustee's first Motion for Partial Summary Judgment.  The Court's Order entered June 4, 2007 acknowledges that Defendants had raised the § 547(c)(4) defense. Defendants also listed the subsequent new value defense in the Joint Pre-Trial Statement at page 2 and page 3.  The Court, therefore, must reject the argument that she had insufficient notice of Defendants' intent to rely on the § 542(c)(4) subsequent new value defense.

On the merits, Trustee argues that Ms. Pickens is not entitled to the protection of § 547(c)(4) because the preferential payments she received ultimately diminished the bankruptcy estate.  Trustee argues the additional charges Debtors made on Ms. Pickens' credit cards were not extensions of new credit but more akin to a withdrawal on a pre-existing loan.  Also, Trustee asserts that Ms. Pickens has not met her burden of proof to show which credit card charges should be set off against which of the payments Debtors made during the preference period.

**CONCLUSIONS OF LAW**

Section 547(c)(4) states the trustee may not avoid a preferential transfer:

> (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor --
>
>     (A) not secured by an otherwise unavoidable security interest; and

2

> (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

The Court discusses this subsequent new value defense in the Order entered January 3, 2008 as follows:

> . . . Debtors made purchases totaling approximately $3,971.84 on the AT&T Universal card after October 2, 2005.
>
> Even assuming Debtors' purchases on the AT&T card constitute new value, Debtors' payments of $5,351 to Debbie exceed the amount of new credit they utilized during the same time period.  Because Debbie was fully compensated for any subsequent new value extended, the payments from Debtors to Debbie are not excepted from avoidance under § 547(c)(4).

Id. at 7.

The majority rule describing the method of calculating new value under § 547(c)(5) is known as the Garland Rule.  In re Acoustiseal, Inc., 318 B.R. 521, 526 (Bankr. W.D. Mo. 2004); In re Micro Innovations Corp., 185 F.3d 329, 337 (5th Cir. 1999) (noting two other circuit courts have embraced the Garland Rule); In re Thomas Garland, Inc., 19 B.R. 920 (Bankr. E.D. Mo. 1982). That rule allows an extension of new value to be applied against any preceding preference.  Acoustiseal, 318 B.R. at 525.  It allows creditors to set off new value against preceding transfers.  Id. at 527.

> [] Congress enacted § 547(c)(4) to encourage creditors to continue to do business with financially distressed firms.  Allowing the creditor to offset the new value against all previous preferential transfers furthers this policy by protecting the creditor to the full extent that it provides subsequent services on an unsecured basis.

In re Bridge Information Sys., Inc., 287 B.R. 258, 267 (Bankr. E.D. Mo. 2002).  The defense aims to protect creditors who have furnished and been paid for ongoing supplies, services or revolving credit to a debtor in distress.  In re SGSM Acquisition Co., LLC, 439 F.3d 233, 241 (5th Cir. 2006); see also In re Telecommunication Svcs., Inc., 55 B.R. 83 (finding subsequent new value from revolving credit card account charges).

3

Thus, in applying the § 547(c)(4) defense, the court may reduce the amount of the avoided preference by the amount of any new value given by the creditor after it received the preferential transfers. <u>In re Hancock-Nelson Mercantile Co.</u>, 122 B.R. 1006, 1016 (Bankr. D. Minn. 1991). Any valid subsequent new value can reduce any prior preference payment. <u>In re Roberds, Inc.</u>, 315 B.R. 443, 472 (Bankr. S.D. Ohio 2004) (applying the Garland rule).

One Court has set out a simple, three-transaction example to help explain § 547(c)(4):

> 1. The debtor makes a preferential payment to a creditor of $100.00. (Payment # 1)
>
> 2. After receipt of the payment, the creditor ships new inventory to the debtor, which has a value of $50.00.
>
> 3. The debtor pays the creditor $50.00 in payment for the shipment of inventory. (Payment # 2)
>
>    Section 547(c)(4) says that if payment # 2 is not avoidable, which means that the creditor gets to keep it, then the creditor may not count the value it gave as new value to reduce the preference and it must pay the trustee the $100.00 representing a return of payment # 1.
>
>    If, however, payment # 2 is itself a preference, then the creditor must pay that $50.00 preference to the trustee, but gets to use its shipment of inventory as new value to reduce the first preferential payment by $50.00. Thus, the trustee would recover $50.00 out of payment # 1 as a preference and all of payment # 2 as a preference and again collect $100.00.
>
>    What the trustee does not get to do is recover both payments and collect $150.00 from the creditor in a situation where it has provided subsequent new value. The result is fair, it is what Congress intended, and it is precisely what the statute says. The argument by the trustee that new value cannot be counted if the creditor received any payment reads the words "otherwise unavoidable" out of the section.

<u>In re Chez Foley, Inc.</u>, 211 B.R. 25, 28 (Bankr. D. Minn. 1997).

**ANALYSIS**

Debtors continued to use Debbie Pickens' AT&T Universal credit card during the one-year preference period until January 10, 2006. During that time, Debtors charged substantially more than $1,925, which is the total amount of the preferential payments Debtors had previously made to Ms. Pickens during the preference period. Ms. Pickens asserts that, under § 547(c)(4), she is entitled to set off this amount from the total preference amount under § 547(c)(4).

Applying the Garland rule as described in the Chez Foley case, the Court concludes that Ms. Pickens is entitled to utilize the subsequent new value defense to the extent she had previously received preferential payments. From the beginning of the preference period until January 10, 2006, Debtors made preferential payments to Ms. Pickens totaling $1,925. During this period, Debtors also made charges totaling approximately twice that amount. Ms. Pickens need not match each instance of new value with a specific preferential payment. Rather, the record is sufficient for the Court to find that Debtors received new value from using Ms. Pickens charge card which can be set off against prior payments of $1,925 they made to her.

Trustee cites no authority for the argument that Debtors' additional charges on Ms. Pickens credit cards are not extensions of new value but are more akin to a withdrawal on a pre-existing loan. "New value" includes new credit under § 547(a)(2). As noted above, other courts have applied the subsequent new value defense where debtors made charges on revolving credit accounts, as Debtors did here.

Pursuant to the foregoing, the Court finds that Ms. Pickens is entitled under § 547(c)(4) to set off $1,925 from Trustee's total recovery. The judgment against Defendant Debbie Pickens in the Court's Ruling January 3, 2008 should be amended accordingly. Reducing the original judgment of $6,351 by $1,925 produces an amended judgment amount of $4,426. As previously discussed, $1,000 of this amount, representing the value of the inventory lien, is already satisfied.

**WHEREFORE**, Defendant Debbie Pickens' Motion to Alter or Amend Judgment is GRANTED in part.

**FURTHER**, the Order entered January 3, 2008 is amended to reflect that Debtors' transfers to Debbie Pickens are avoidable preferential transfers in the amount of $4,426 and Trustee is entitled to a judgment against Debbie Pickens in that amount.

**FURTHER**, Trustee agrees that $1,000 of this amount is already satisfied.

**FURTHER**, judgment shall enter accordingly.

DATED AND ENTERED:    February 5, 2008

*[Signature: Paul J. Kilburg]*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE